UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK JEROME LEWIS,<br><br>    Plaintiff,<br><br>    v.<br><br>KIMBERLY J. MUELLER, et al.,<br><br>    Defendants. | No.  2:23-cv-1595 KJM KJN (PC)<br><br>FINDINGS AND RECOMMENDATIONS |

      Plaintiff is a state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  As discussed below, because plaintiff has sustained three strikes under 28 U.S.C. § 1915(g), plaintiff must pay the court's filing fee in full, or the complaint will be dismissed without prejudice.

Section 1915(g)

      Plaintiff seeks leave to proceed in forma pauperis.  The Prison Litigation Reform Act of 1995 ("PLRA") permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees.  However, § 1915(g) provides:

////

> [i]n no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id. Such "'three strikes' provision prevents a court from affording in forma pauperis status" to a prisoner who has brought three civil actions or appeals that were dismissed as frivolous, malicious or fail to state a claim upon which relief may be granted. Coleman v. Tollefson, 575 U.S. 532, 534 (2015). "A 'civil action' is not limited to only those actions that challenge a prisoner's conditions of confinement. Indeed, courts have consistently applied the provisions of section 1915 to all manner of civil actions brought by prisoners, including declaratory judgment actions." Mumin v. Hansen, 2019 WL 1277512, at *2 (D. Neb. Mar. 20, 2019) (collecting cases); see also Binns v. Am. Gen. Life & Accident Ins. Co., 2020 WL 4501916, at *1 (E.D. Cal. Aug. 5, 2020) (assessing initial partial filing fee).

Once a prisoner has sustained three strikes, § 1915(g) prohibits the pursuit of any subsequent in forma pauperis civil action or appeal in federal court unless the prisoner "makes a plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing." Andrews v. Cervantes, 493 F.3d 1047, 1051-52 (9th Cir. 2007) (quoting 28 U.S.C. § 1915(g)). "[T]he PLRA [also] requires a nexus between [any] alleged imminent danger and the violations of law alleged in the prisoner's complaint." Ray v. Lara, 31 F.4th 692, 700 (9th Cir. April 11, 2022). Thus, to qualify for an exception, "a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." Id. at 701.

Discussion

### Did Plaintiff Sustain Three Strikes?

Review of court records reveals that on at least three occasions lawsuits filed by the plaintiff have been dismissed on the grounds that they were frivolous or failed to state a claim upon which relief may be granted, qualifying as strikes under 28 U.S.C. § 1915(g). The

undersigned takes judicial notice of the following cases filed by plaintiff:[1]

Lewis v. NBC, No. 2:16-cv-3029 GEB GGH PS (E.D. Cal.), dismissed on March 8, 2017, for failure to state a claim.

Lewis v. CPS, No. 2:16-cv-3049 MCE EFB PS (E.D. Cal.), dismissed on February 14, 2018, for failure to state a claim.

Lewis v. Duffy, No. 2:17-cv-0934 TLN EFB PS, dismissed on June 15, 2018, for failure to state a claim.

Lewis v. Wellspace Health, No. 2:20-cv-0330 KJM EFB PS (E.D. Cal.), dismissed on June 11, 2020, for failure to state a claim.

Lewis v. Wellspace Health, No. 2:20-cv-0332 JAM AC PS (E.D. Cal.), dismissed on July 27, 2020, for failure to state a claim.

Lewis v. Glick, No. 2:20-cv-0346 TLN EFB PS, (E.D. Cal.), dismissed on June 16, 2020, for failure to state a claim.

Lewis v. AT&T, No. 2:20-cv-0461 KJM EFB PS (E.D. Cal.), dismissed on November 6, 2020, for failure to state a claim.[2]

The listed cases were dismissed well before plaintiff filed the instant complaint on July 20, 2023. None of the dismissals have been overturned on appeal. Therefore, plaintiff is precluded from proceeding in forma pauperis in this action unless plaintiff is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

<u>Did Plaintiff Demonstrate Imminent Danger?</u>

As noted above, there is a limited exception to the three-strikes rule that applies when a "prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In his

---

[1] A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

[2] In addition, in Lewis v. Sacramento County School District, No. 2:20-cv-0509 KJM KJN PS (E.D. Cal.), plaintiff was warned that he may also be subject to a vexatious litigant label if he continued to file frivolous cases. Id. (ECF No. 3 at 4).

complaint, plaintiff alleges, <u>inter alia</u>, that his property was taken without just compensation. Plaintiff has not alleged any facts which suggest that he faced an imminent risk of serious physical injury at the time he filed this action. Thus, plaintiff should be required to submit the appropriate filing fee in order to proceed with this action.

<u>Conclusion</u>

Because plaintiff sustained at least three strikes under the PLRA, plaintiff's request to proceed in forma pauperis should be denied, and plaintiff should be required to pay the court's filing fee in full in order to proceed with this action. In addition, plaintiff should be cautioned that failure to pay the filing fee in full will result in the dismissal of this action.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) be denied; and

2. Plaintiff be ordered to pay the court's filing fee in full within thirty days from the date of any district court order adopting the instant findings and recommendations and be warned that failure to do so will result in the dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 2, 2024

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/lewi1595.1915